# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA BEY, an individual<br><br>    Plaintiff,<br><br>vs.<br><br>U.S. BANK, a Minnesota Corporation, U.S. BANCORP, a Minnesota Corporation, BLUECROSS BLUESHIELD OF MINNESOTA, and DOES ONE through and including DOE TWENTY-FIVE,<br><br>    Defendants. | Case No. SA CV09-0822-DOC (MLGx)<br><br>[Hon David O. Carter]<br><br>**PROTECTIVE ORDER**<br><br>Complaint Filed: May 19, 2009<br><br>Trial Date: June 29, 2010 |

**THE PARTIES HAVE STIPULATED AND AGREED** by and between Plaintiff Diana Bey ("Plaintiff") through her counsel, on the one hand, and Defendants U.S. Bank, National Association (erroneously sued as "U.S. Bank") and U.S. Bancorp (collectively "Defendants"), through their counsel, on the other hand (collectively the "Parties"), to the following procedures, terms and conditions:

1.   A party may designate material as Confidential Information if that party in good faith believes that such material constitutes, or reflects information that constitutes, confidential proprietary, financial, or employment information; trade secrets; and/or confidential business, client, or loan related information.  All documents which the Parties contend contain Confidential Information shall be marked "**PRIVATE AND CONFIDENTIAL**" or "**CONFIDENTIAL**."  The Parties will use good faith in making such designation. Any acquiescence by Plaintiff or Defendants in a designation of information as "**PRIVATE AND CONFIDENTIAL**," or "**CONFIDENTIAL**" shall not operate as a waiver of their rights to subsequently dispute the appropriateness of such designation.

2.   In accordance with the limitations and procedures set forth below, access to the Confidential Information shall be limited to the following persons or parties:

   a.   Attorneys for the Parties;

   b.   Paralegals, secretaries, and/or process servers regularly employed by counsel of record;

   c. Experts retained by counsel of record for Plaintiff and Defendants for the purposes of this litigation only;

   d. Plaintiff and Defendants;

   e. Witnesses in depositions who may be asked to testify concerning any of the documents designated as Confidential Information, but only after being informed of this stipulated protective order and their obligation to comply with its protections; and

   f. Persons who were the authors or recipients of any of the documents designated as Confidential Information.

  3. All persons identified in paragraph 2 who in the course of this action may be given access to Confidential Information shall be required to read this Stipulation and Protective Order and agree to be bound thereby.

  4. Any pleading or responses to deposition questions, interrogatories, requests for admissions, or demands for inspection that disclose the content of the Confidential Information shall be restricted and marked "**PRIVATE AND CONFIDENTIAL**" or "**CONFIDENTIAL**."

  5. Confidential Information shall be used solely for the purposes of this action and not for any other purpose.

  6. Nothing contained in this Stipulation shall be construed to prejudice the rights of a party to use before the court (including before any assigned judge or magistrate) or any mediator any Confidential Information. However,

before doing so, the party intending to use Confidential Information shall so inform all other parties who may request from the court or mediator appropriate protection for the Confidential Information, including bringing a motion to file under seal any Confidential Information that is to be filed with the court, or clearing the hearing room or courtroom of persons not entitled hereunder to such Confidential Information.

7.   Nothing contained in this Stipulation shall bar or otherwise restrict the right of counsel involved in this action from advising a client or from doing anything necessary to prosecute or defend this action, provided that no party, counsel or other individual or entity may disclose any Confidential Information in violation of this Stipulation.

8.   Nothing in this Stipulation shall affect the admissibility into evidence of Confidential Information or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the court or mediator concerning any issues pertaining to Confidential Information.  Any objections as to the admissibility of the Confidential Information are reserved and are not waived by any terms of this Stipulation and Order.

9.   This Stipulation and Order shall not prejudice the right of the Parties:  (a) to seek additional protective treatment for any Confidential Information; (b) to object to the designation of documents as Confidential Information; or (c) to seek any modification of any provision of this Stipulation and Order either generally or as to any particular Confidential Information by properly noticed motion.  The Parties shall meet and confer regarding any dispute that refers or relates to Confidential Information prior to filing any motion.

10. The Parties contend that Confidential Information is covered by this Stipulation, and the Parties' legal remedies may be inadequate; therefore, the Parties agree that injunctive relief may be an appropriate remedy to prevent any person or party from using or disclosing Confidential Information in violation of this Stipulation and Order.  In the event Plaintiff, Defendants, or any other person or entity, violates or threatens to violate any of the terms of this Stipulation and Order, the Parties agree that, with appropriate notice to the other party, they may apply to the court to obtain injunctive relief against any such persons or parties violating or threatening to violate any of the terms of this Stipulation.  In the event the Parties apply to the court, the responding party, person or entity subject to the provisions of this Stipulation and Order shall not employ as a defense thereto a claim that the moving party possesses an adequate remedy at law.  The Parties and any other persons subject to the terms of this Stipulation and Order agree that this court shall retain jurisdiction over them for the purpose of enforcing this order.  The Parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief.

11. Inadvertent disclosure of any Confidential Information during discovery, mediation, or trial of this action, or inadvertent disclosure of Confidential Information without appropriate designation, shall be without prejudice to any claim that such material is private and confidential, and no party shall be held to have waived any rights of confidentiality by such inadvertent disclosure.

12. If Confidential Information is disclosed to any persons other than in the manner authorized by this Stipulation and Order, the person or party responsible for disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties without prejudice to other rights

and remedies of any party and make every effort to prevent further disclosure by it or by the person who receives such information.

13. Questions regarding appropriateness, availability and/or amount of sanctions for inadvertent or intentional disclosure of Confidential Information shall be decided by the court, after opportunity for briefing and argument by the Parties.

14. This Stipulation may be amended without leave of court by the written agreement of counsel for the Parties to this Stipulation and any pertinent third parties in the form of an amended stipulation. This Stipulation is intended to regulate the handling of the Confidential Information during the entirety of this litigation through appeal, and thereafter, and shall remain in full force and effect until modified, superseded or terminated on the record or by agreement of the Parties to this litigation and any pertinent third parties or by order of the court.

15. Within thirty (30) days after the final disposition of this proceeding, whether through final judgment or otherwise (including all appeals), counsel for the recipient party and any person authorized by this Stipulation to receive Confidential Information shall destroy or return to counsel from whom the Confidential Information was received all originals and copies of documents containing the Confidential Information, except that only the attorneys of record shall be entitled to retain pleadings, memoranda, declarations or affidavits, written responses to discovery requests and interrogatories, or deposition transcripts that contain Confidential Information to the extent necessary to preserve a litigation file in this case. Confidential Information in such litigation files shall remain sealed and disclosed only in accordance with the terms of this Stipulation and Order.

1      16.  The terms of this Stipulation shall survive, and remain in full force and effect, after termination of this lawsuit, and this court shall retain jurisdiction over the Parties, their attorneys and all other persons to whom Confidential Information has been disclosed for the purpose of enforcing the terms of this Stipulation and Order.

**IT IS SO ORDERED**.

DATED:  December 8, 2009

_____
THE HON. MARC L. GOLDMAN
UNITED STATES MAGISTRATE JUDGE